# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of:

405 N. Calhoun Rd. is a two story brown brick multi-unit office building having a brown shingle roof. The numbers 405 are affixed to the east wall of the building. Suite 200 is located on the 2nd floor of the building on the south side of the building. Access to the building is gained through the glass doors on the east and west sides of the building. The name Superior Support Resources and the numbers Suite 200 are outside the door to the office area.

)
)
)
)
)
)
)

Case No. 19-808 M (NJ)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A

located in the Eastern District of Wisconsin, there is now concealed:

See Attachment B

The basis for the search under Fed. R. Crim P. 41(c) is:

☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: Title 18, United States Code, Sections 666 and 1343.

The application is based on these facts: See attached affidavit.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Investigator Robert G. Stelter
*Printed Name and Title*

Sworn to before me and signed in my presence:

Date: February 5, 2019

_____
*Judge's signature*

City and State: Milwaukee, Wisconsin                    Hon. Nancy Joseph    U.S. Magistrate Judge
*Printed Name and Title*

Case 2:19-mj-00808-NJ   Filed 02/21/19   Page 1 of 39   Document 1

## Attachment A

Property to be Searched:

405 N. Calhoun Rd. is a two story brown brick multi-unit office building having a brown shingle roof. The numbers 405 are affixed to the east wall of the building. Suite 200 is located on the 2nd floor of the building on the south side of the building. Access to the building is gained through the glass doors on the east and west sides of the building. The name Superior Support Resources and the numbers Suit 200 are outside the door to the office area.



**Attachment B**

Objects of Search – Superior Support Resources 405 N. Calhoun Rd. Suite 200 Brookfield, Wisconsin

Items to be Seized:

All evidence, instrumentalities, information, records, and contraband relating to violations of Title 18, United States Code, Sections 666 and 1343 for the period between January 1, 2010 and the present:

1. Any and all documents in paper or electronic format of Contracts, agreements, commitments, maintenance agreements, arrangements, settlements, understandings and or covenants made between Superior Support Resources and John La Fave and or the Milwaukee County Register of Deeds Office between January 1, 2010 and the present.

2. Any and all documents in paper or electronic format of Contracts, agreements, commitments, maintenance agreements, arrangements, settlements, understandings and or covenants made between Superior Support Resources and third party vendors or independent contractors at the direction of or benefit of John La Fave and or the Milwaukee County Register of Deeds Office between January 1, 2010 and the present.

3. Any and all email communication in paper or electronic format between any current or former employee of Superior Support Resources including sent, received and deleted email utilizing Superior Support Resources email accounts, and John La Fave and any other members of the Milwaukee County Register of Deeds Office staff between January 1, 2010 and the present.

4. Any and all communication in paper or electronic format between any current or former employee of Superior Support Resources and John La Fave and any other members of the Milwaukee County Register of Deeds Office staff between January 1, 2010 and the present.

5. Any and all email communication in paper or electronic format between any current or former employee of Superior Support Resources including sent, received and deleted email utilizing Superior Support Resources email accounts, and all third party vendors and independent contractors referencing contracts, agreements, commitments, maintenance agreements, arrangements, settlements, understandings and or covenants, invoices, payments to and or payments from said vendors or independent contractors and or work done for the benefit of or at the direction on John La Fave and any other members of the Milwaukee County Register of Deeds Office staff between January 1, 2010 and the present.

6. Any and all communication in paper or electronic format between any current or former employee of Superior Support Resources and all third party vendors and or independent contractors referencing contracts, agreements, commitments, maintenance agreements, arrangements, settlements, understandings and or covenants, invoices, payments to and or

payments from said vendors and or independent contractors and or work done for the benefit of or at the direction on John La Fave and any other members of the Milwaukee County Register of Deeds Office staff between January 1, 2010 and the present.

7. Any and all documents in paper or electronic format of payments made via check, cash or ACH on behalf of the Milwaukee County Register of Deeds Office, by Superior Support Resources from monies "held on account" or "as credit" by Superior Support Resources for the Milwaukee County Register of Deeds Office, for services performed by third party vendors or independent contractors between January 1, 2010 and the present.

8. Any and all documents in paper or electronic format of payments made via check, cash or ACH on behalf of the Milwaukee County Register of Deeds Office, for expenses incurred by John La Fave and any other staff and or family members of staff of the Milwaukee County Register of Deeds Office for hotels, airfare, professional organization dues, massages, meals and any other incidental expenses covered by Superior Support Resources from monies "held on account" or "as credit" by Superior Support Resources for the Milwaukee County Register of Deeds Office, between January 1, 2010 and the present.

9. Any and all documents in paper or electronic format of spread sheets created by any employee or subcontractor of Superior Support Resources to track the "credits" held by Superior Support Resources and the expenses paid from said "credits" for the Milwaukee County Register of Deeds Office and or John La Fave between January 1, 2010 and the present.

10. Any and all documents in paper or electronic format of payments made to John La Fave via check, ACH transfer and or cash for reimbursement of expenses submitted by John La Fave to Superior Support Resources and paid utilizing the "credits" held on account by Superior Support Resources between January 1, 2010 and the present.

11. Any and all invoices generated by Superior Support Resources at the request of John La Fave and sent to John La Fave and submitted for payment to Milwaukee County between January 1, 2010 and the present.

12. Any and all invoices received by Superior Support Resources from third party vendors or independent contractors for work performed for the Milwaukee County Register of Deeds Office or at the request of John La Fave between January 1, 2010 and the present.

13. Any and all email communication in paper or electronic format between any current or former employee of Superior Support Resources including sent, received and deleted email utilizing Superior Support Resources email accounts, and Milwaukee County Accounts Payable, Milwaukee County Procurement Division, and or Milwaukee County employees between January 1, 2010 and the present.

14. Any and all communication in paper or electronic format between any current or former employee of Superior Support Resources and Milwaukee County Accounts Payable, Milwaukee County Procurement Division, and or Milwaukee County employees between January 1, 2010 and the present.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data).

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR MULTIPLE SEARCH WARRANTS

I, Investigator Robert G. Stelter, being first duly sworn, hereby depose and state as

follows:

### INTRODUCTION AND INVESTIGATOR BACKGROUND

1.     I make this affidavit in support of an application for search warrants for the

following locations, which are more specifically described in Attachment A:

> Register of Deeds Office
> Milwaukee County Courthouse, 901 N. 9th St.
> Room 103
> Milwaukee, WI 53233
>
> Superior Support Resources Inc.
> 405 N. Calhoun Rd.
> Suite 200
> Brookfield, WI 53005

2.     I am an Investigator with the Milwaukee County District Attorney's Office, and

have been employed as a law enforcement officer for over 33 years. I have held the rank of

Detective and Lieutenant of Detectives within the City of Milwaukee Police Department. For

two years, I worked at the Milwaukee High Intensity Drug Trafficking Area Task Force,

(hereafter HIDTA), a state/federal task force with law enforcement officers from the City of

Milwaukee Police Department, Federal Bureau of Investigation, Drug Enforcement

Administration, West Allis Police Department, Wisconsin Department of Justice, Wisconsin

State Patrol, and other jurisdictions. That experience included the investigation and supervision

of complex and large scale organized crime in the Metropolitan Milwaukee, Wisconsin area.

Over these last 10 years, I have overseen multiple investigations into drug trafficking, burglary,

armed robbery, bank fraud, misconduct in public office, organized retail theft rings and other crimes. As part of those investigations I have utilized federal court authorized wiretaps of wire and electronic communications as defined in the Federal Code. I have been involved in the preparation and execution of in excess of 1,500 search warrants pertaining to private residences, businesses, electronic devices such as cell phones, laptops and desktop computers, the content of email accounts retained by Internet service providers, cellular phone records including call detail, text detail and tower location information as well as various social media platforms, such as Twitter, Instagram and Facebook. I currently deputized by the United States Marshal's Service.

3. I base this affidavit on my training and experience, on information conveyed to me by Milwaukee County Audit Forensic Manager (AFM) Matthew Hart, interviews of witnesses, and my review of records, emails and other documents kept in the normal course of business within the Office of the Register of Deeds and other Milwaukee County offices.

4. I have prepared this affidavit for the purpose of demonstrating probable cause for the warrants that are being sought. This affidavit does not set forth all of my knowledge about this matter.

5. At all times relevant to this affidavit, John La Fave has been an agent of Milwaukee County government. More specifically, he has been the Milwaukee County Register of Deeds, the elected constitutional officer responsible for, among other things, maintaining records, providing certified copies of birth, death, marriage, and military discharge records, and collecting real estate transfer taxes. La Fave remains in that position.

2

6.    At all times relevant to this affidavit, La Fave was assisted in the performance of his duties by his office coordinator, Teresa Sarnowski. Sarnowski's responsibilities included submitting to accounts payable invoices that La Fave had approved for payment on behalf of the ROD. Submitting the invoices caused the Milwaukee County Treasurer to send a check to the entity that issued the invoice.

7.    At all times relevant to this affidavit, Superior Support Resources, Inc. ("SSR") was an internet technology service provider that contracted with Milwaukee County to provide the county redacting and document indexing services.

8.    At all times relevant to this affidavit Michael Sobie was the Director of Finance at SSR. His responsibilities included issuing invoices for work that SSR had performed.

9.    In 2016, the Milwaukee County Department of Transportation, which is an agency of Milwaukee County government, applied for and received Federal Transit Administration grant funds. Milwaukee County recorded receiving $1.85 million from this grant funding on December 1, 2016.

10.    Beginning no later than April 2011, and continuing through at least December 2017, La Fave regularly directed Sobie to create fraudulent invoices that falsely made it appear that SSR had done specified work for the office of the Milwaukee County Register of Deeds when, as both La Fave and Sobie knew, SSR had not actually performed that work.

11.    After Sobie created each fraudulent invoice, he would present it to La Fave, who then would forward the invoice to Sarnowski, indicating that it could be paid. Sarnowski would then submit the false invoices to the accounts payable department of

3

Milwaukee County, who then would issue a check to SSR as payment for work that SSR had not actually performed. In support of the overall scheme to defraud, La Fave and SSR utilized employees of the ROD and others to perform work that SSR falsely represented had been performed by SSR – which had a sole source contract with Milwaukee County for work performed for the ROD.

12.     The scheme outlined in the preceding two paragraphs is described in more detail below. The facts set forth in this affidavit establish probable cause to believe (a) that John La Fave has engaged in conduct that violates Title 18, United States Code, sections 666 and 1343; and (b) that evidence of those violations – particularly the items identified in Attachment B – is located at the locations described in Paragraph 1 above and Attachment A.

## STATUTES AND ELEMENTS OF THE OFFENSES.

13.     The federal misapplication of funds statute provides, in part, as follows:

(a)     Whoever, if the circumstances described in subsection (b) of this section exists –

    (1)     being an agent of an organization, or of a State [or] local . . . government, or any agency thereof –

        (A) . . . intentionally misapplies [ ] property that –
            (i) is valued at $5,000 or more, and

            (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency;

        . . . shall be fined under this title, imprisoned not more than 10 years, or both.

(b)     The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee,

4

insurance, or other form of Federal assistance.

*See* 18 U.S.C. § 666(a)(1)(A).

14.    To establish a violation of 18 U.S.C. § 666(a)(1)(A), the government must establish

the following:

(1)    That the defendant was an agent of Milwaukee County;

(2)    That the defendant intentionally misapplied some money;

(3)    That the money was owned by, or was under the care, custody, or control of Milwaukee County;

(4)    That the money had a value of $5,000 or more; and

(5)    That Milwaukee County, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance; the one-year period began no more than 12 months before the defendant committed these acts and ended no more than 12 months afterward.

15.    The federal wire fraud statute provides, in part, as follows:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

*See* 18 U.S.C. § 1343.

16.    To establish a violation of 18 U.S.C. § 1343, the government must prove the

following elements:

(1)    That the defendant knowingly devised or participated in a scheme to defraud;

(2)    That the defendant did so with the intent to defraud;

5

(3)     That the scheme to defraud involved a materially false or
        fraudulent pretense, representation, or promise; and

(4)     That for the purpose of carrying out the scheme or attempting to
        do so, the defendant caused interstate wire communications to
        take place.

## **PROBABLE CAUSE**

### **Background**

17.     AFM Hart has been conducting an investigation into John La Fave – the elected
Register of Deeds in Milwaukee County – and payments that La Fave authorized to SSR over
the past several years and funds held by SSR and Fidlar technologies that belonged to
Milwaukee County.

18.     The internet technology service provider SSR has a "master price agreement"
with Milwaukee County. A master price agreement is a type of purchase contract used to make
regular, repeated purchases of specified items at fixed prices for a set period of time. During the
time frame specified in this affidavit, a master price agreement allowed SSR to charge
Milwaukee County $0.09 per page for document services such as social security number
redaction. That master price agreement also established a rate of $0.79 per page for document
indexing services.

19.     In his investigation, AFM Hart uncovered extensive email communications
between La Fave and Sobie that showed that the two were involved in a scheme to get money to
SSR for work that the company had not performed. AFM Hart had lawful access to the emails
through his employment as an auditor for Milwaukee County. AFM Hart found that John La

6

Fave would request that Sobie create false invoices for work not performed by SSR. Sobie would in turn submit to La Fave, via email, false invoices that would match what La Fave had requested. La Fave would forward the invoices to Sarnowski instructing her to pay the invoices. Sarnowski would in turn submit these false invoices to accounts payable, and thereby cause a check from the Milwaukee County Treasurer to be sent to SSR as payment for the false invoice for work that SSR had not done.

20. SSR would then take the monies from these false invoices and hold the money "on account" for future use by La Fave in paying third-party vendors doing work that SSR had represented as having been done by SSR. These third party-vendors would submit their bills to SSR, who would then pay the vendors either from the monies on account from the false invoice scheme, or by repackaging the third-party invoices onto an SSR invoice and submitting it to Milwaukee County for payment. Some of these third-party vendors were not authorized to be paid through the county accounts payable process because they did not have contracts or a master price agreement with Milwaukee County. As noted above, the third-party vendors paid under this scheme included employees of the ROD.

21. When it was time to pay the third-party vendors, Sobie would normally forward the original invoice from the third-party vendor to La Fave for "approval" and would ask whether the invoice should be paid by "funds on account" (i.e., the money being held by SSR for the false invoices) or whether the invoice should be sent directly to Milwaukee County Accounts Payable for payment. After La Fave approved the payment method, Sobie would repackage the third-party invoice onto an invoice from SSR. The invoice from SSR typically contained an add on service fee from SSR referenced as project technician charge. The project technician line

7

item of $125 per hour was included in the SSR master price agreement. The amount charged by Sobie for project technician work would equal approximately 5% of each third-party bill. Based on my review of years of emails utilizing this scheme, the project technician charge appears to be payment to SSR for submitting the false invoices to Milwaukee County and then holding the money they received from Milwaukee County for future payments. Based on my review of numerous emails and attachments, including invoices from SSR and third party vendors it was apparent that La Fave was aware that Sobie was adding the project technician charge to the repackaged invoices.

22. When La Fave directed Sobie that an invoice was to be paid from "funds held on account", Sobie would subtract the invoiced amount from the pool of money SSR had previously received from prior false invoices and would send La Fave a spreadsheet reflecting the monthly accounting of the funds utilized from the "funds held on account" and what invoices were paid using those funds.

23. SSR had independent contractors conducting the redaction of the documents. The price agreement for the redaction services was for $0.09 per page. Based on document examined it appears that SSR was paying the independent contractors $0.04 per page and keeping the remaining $0.05 per page as a fee for managing the services of third-party vendors – because AFM Hart has been unable to find within the reviewed documents and emails that SSR paid the $0.05 per page to another person or company, it appears that SSR was keeping the $0.05 per page. Additionally, on each of those redaction invoices, SSR would again add a management fee based upon the project technician fee of $125 per hour.

8

24.     Based on the mark-up for processing the false invoices and the mark-up for redaction services, it appears that SSR received over $89,000 for their "technician fee" and over $228,000 for the redaction program during the time period described in this affidavit. SSR was not entitled to these funds under its contract with Milwaukee County and the invoiced it submitted for these fees and charges were intended to deceive Milwaukee County officials into payment of the fees and charges.

25.     Based on emails and documents reviewed by AFM Hart, John La Fave repeatedly represented to the procurement section of Milwaukee County that SSR is a sole source provider, meaning no other company could provide the services that SSR was providing to Milwaukee County. John La Fave knew other companies were doing the work as detailed in this affidavit, but obscured those companies' business activities from Milwaukee County Accounts Payable via the SSR price agreement. SSR participated in this scheme by handling payments to those companies via the money SSR held on account from the false invoices as well as repackaging the companies' third-party invoices onto SSR invoices and submitting the SSR invoices for payment to Milwaukee County.

26.     John La Fave, towards the end of years 2014, 2015 and 2016, would ask Sobie for false invoices in an attempt to spend up all funds held "on account" for the Milwaukee County Register of Deeds Office. This prevented budgeted funds from going back into the general fund.

27.     In a review of County records, including emails and invoices, AFM Hart determined that this false invoice scheme had begun in 2010 and continued through 2017 and the payments to SSR for the false invoices was $2,333,069.81 for that time period.

9

28.     AFM Hart noticed a pattern with the false invoices wherein the invoice number would be a derivative of the date the invoice was issued. Thus an invoice issued on 4/9/2014 would have an invoice number of 040914. AFM Hart noticed few exceptions to the date issued pattern for the false invoices. This also suggests that the invoices were not created for any legitimate business purpose – if they had been, one would expect simple sequential numbering on the invoices.

29.     This section describes, in more detail and with supporting documentation, how La Fave and Sobie used false invoices to fund an account held by SSR. In addition it describes the repackaging of third-party vendor services, with a markup by SSR and then a submission of an SSR invoice to Milwaukee County for payment.

30.     The following emails were obtained from the work email account of John La Fave kept in the normal course of business by Milwaukee County Information Management Services Division (IMSD). It is not a complete compilation of all emails sent and received – in fact, it is only a very small fraction of the emails that AFM Hart has reviewed. The emails presented here are representative of the emails that have been reviewed, and are presented here to help demonstrate probable cause to support the applications for the warrants being sought.

31.     On April 3, 2014 at 10:18AM, John La Fave, via his Milwaukee County email account, sent an email to Mike Sobie, and carbon copied Teresa Sarnowski. The email was a request for a false invoice for services to be billed to Milwaukee County by SSR. On April 9, 2014 at 1:24PM, Mike Sobie sent an email back to John La Fave and again carbon copied Teresa Sarnowski. Attached to this email was an invoice in an amount that matched the request. This request for an invoice from SSR, the invoice sent by Mike Sobie of SSR and the subsequent

10

payment to SSR of $203,397.55 (which amount included the $135,661.60 payment on the false invoice) is an example of John La Fave having SSR submit false invoices in order to build up his money on account. *See* Figure 1 below.

Figure 1

| From: | LaFave, John |
|---|---|
| Sent: | Thursday, April 03, 2014 10:18 AM |
| To: | Mike Sobie |
| Cc: | Sarnowski, Teresa |

Mike,

At your convenience, please send an invoice using the detail below.

| Qty. | Description | Ea. Price | | Total |
|---|---|---|---|---|
| 498,802 | SSN Redaction - Removal of SS numbers from old documents | 0.09 | = | $44,892.18 |
| 114,898 | Real Estate Documents indexed | 0.79 | = | $90,769.42 |

**Grand Total = $135,661.60**

John La Fave
Register of Deeds
Milwaukee County

11

From:               Mike Sobie <msobie@ssr-online.com>
Sent:               Wednesday, April 09, 2014 1:24 PM
To:                 LaFave, John
Cc:                 Sarnowski, Teresa
Subject:            SSR Invoice
Attachments:        Est_040914_from_Superior_Su.pdf

Please forward a PO when you have it.

Thanks

**Mike Sobie**
Director of Finance
Superior Support Resources, Inc.
262-784-9772

12

SUPERIOR | SUPPORT RESOURCES, Inc.
Where Technology Questions Get Business Answers
405 N Calhoun Road Suite 200, Brookfield, Wisconsin 53005

# Invoice
**Number: 040914**

Date: 4/9/2014

### Bill To
Milwaukee County
Dept of Administrative Services
Fiscal Affairs
Milwaukee Co Courthouse, Room 301
Milwaukee, WI 53233

### Ship To
Milwaukee County - Reg of Deeds
Teresa Sarnowski
Milwaukee Co Courthouse, Room 103
901 N. 9th Street
Milwaukee, WI 53223

| Customer PO | Reference | Sales Rep HMC | Terms Net 30 | Federal Tax ID 39-1864019 |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 498,802 | SSN Redaction - Removal of SS numbers from old documents | | 0.09 | 44,892.18 |
| 114,898 | Real Estate Documents Indexed | | 0.79 | 90,769.42 |

|  |  |
|---|---|
| Item Total | $135,661.60 |
| Sales Tax (5.6%) | $0.00 |
| **Total Amount Due** | **$135,661.60** |

13



THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

**COUNTY OF MILWAUKEE**

75-1160/790

U.S. BANK OF WAUSAU
WAUSAU, WISCONSIN

ACCOUNT NO. 39
Milwaukee, Wisconsin 53233

CHECK NO.
00036831251

831251

EXACTLY

$203,397 DOLLARS AND 55 CENTS

PAY TO THE
ORDER
OF

SUPERIOR SUPPORT RESOURCES
INC
405 N CALHOUN RD STE 200

BROOKFIELD          WI     53005

DATE
05-05-14
VOID AFTER 60 DAYS

AMOUNT
$203,397.55

COUNTY CLERK

NOT VALID AFTER 60 DAYS
A $15 DOLLAR REPLACEMENT FEE WILL APPLY

Daniel J. Diliberti
COUNTY TREASURER

⑈831251⑈ ⑈075911603⑈ 18238018630011⑈

32.     On June 26, 2014 at 3:41PM, John La Fave, via his Milwaukee County email
account, sent an email to Sobie and carbon copied Teresa Sarnowski. The email was a request for
a false invoice for services to be billed to Milwaukee County by SSR. On June 26, 2014 at
3:50PM, Mike Sobie sent an email back to John La Fave and Teresa Sarnowski. Attached to this
email was an invoice in an amount that matched the request. The check was for $90,690.50,
which included payment for the $66,828.15. *See* Figure 2 below.

14

Figure 2

---

| From: | LaFave, John |
| Sent: | Thursday, June 26, 2014 3:41 PM |
| To: | Mike Sobie |
| Cc: | Sarnowski, Teresa |
| Subject: | Create an invoice |

Mike,

At your convenience, please send an invoice using the detail below.

| Qty. | Description | Ea. Price | Total |
|------|-------------|-----------|-------|
| 248,350 | SSN Redaction - Removal of SS numbers from old documents | 0.09 = | $22,351.15 |
| 56,300 | Real Estate Documents indexed | 0.79 = | $44,477.00 |

**Grand Total = $66,828.15**

John La Fave
Register of Deeds
Milwaukee County

---

| From: | Mike Sobie <msobie@ssr-online.com> |
| Sent: | Thursday, June 26, 2014 3:50 PM |
| To: | LaFave, John;Sarnowski, Teresa |
| Subject: | SSR Invoice |
| Attachments: | Est_62614_from_Superior_Sup.pdf |

Dear John :

Attached is your invoice. Let me know when you have a PO number.

We thank you for your business.

Mike Sobie
Director of Finance
Superior Support Resources, Inc.
262-784-9772

15

SUPERIOR | *SUPPORT RESOURCES, Inc.*
**Where Technology Questions Get Business Answers**
405 N. Calhoun Road, Suite 200, Brookfield, Wisconsin 53005



# Invoice
## Number: 62614

### Date: 6/26/2014

**Bill To**

**Milwaukee County**
**Dept of Administrative Services**
**Fiscal Affairs**
**Milwaukee Co Courthouse, Room 301**
**Milwaukee, WI 53233**

**Ship To**

Milwaukee County - Reg of Deeds
Teresa Sarnowski
Millwaukee Co Courthouse, Room 103
901 N. 9th Street
Milwaukee, WI 53223

| Customer PO | Reference | Sales Rep HMC | Terms Net 30 | Federal Tax ID 39-1864019 |
|---|---|---|---|---|
| Qty | Description | | Price | Extended |
| 248,350 | SSN Redaction - Removal of SS numbers from old documents | | 0.09 | 22,351.50 |
| 58,300 | Real Estate Documents indexed | | 0.79 | 44,477.00 |

| | |
|---|---|
| **Item Total** | **$66,828.50** |
| **Sales Tax (5.6%)** | **$0.00** |
| **Total Amount Due** | **$66,828.50** |

16

Case 2:19-mj-00808-NJ   Filed 02/21/19   Page 21 of 39   Document 1



COUNTY OF MILWAUKEE

U.S. BANK OF WAUSAU
WAUSAU, WISCONSIN

ACCOUNT NO. 30-
Milwaukee, Wisconsin 53233

79-1100/799

CHECK NO.
00036837022

837022

EXACTLY    $90,690 DOLLARS AND 50 CENTS

SUPERIOR SUPPORT RESOURCES
INC
405 N CALHOUN RD STE 200

DATE
07-23-14
VOID AFTER 60 DAYS

AMOUNT
$90,690.50

PAY TO THE
ORDER
OF

BROOKFIELD    WI    53005

NOT VALID AFTER 60 DAYS
A $15 DOLLAR REPLACEMENT FEE WILL APPLY

COUNTY CLERK

DEPUTY TREASURER

⑈837022⑈ ⑈075911603⑈ 182380186300⑈

33.     On October 2, 2014 at 3:52PM, John La Fave, via his Milwaukee County email

account, sent an email to Mike Sobie, and carbon copied Teresa Sarnowski. The email was a

request for a false invoice for services to be billed to Milwaukee County by SSR. On October 2,

2014 at 3:58PM, Mike Sobie responded to John La Fave with a question as to what was going to

be done with the $700,000 already being held. John La Fave responded to Mike Sobie on

October 2, 2014 at 4:25PM with an explanation of how he projected the money would be used.

Minutes later Mike Sobie responded; "I understand. Thanks," On October 2, 2014 at 4:39PM,

Mike Sobie sent an email back to John La Fave and again carbon copied Teresa Sarnowski.

Attached to this email was an invoice in an amount that matched the request. *See* Figure 4

below.

17

Case 2:19-mj-00808-NJ   Filed 02/21/19   Page 22 of 39   Document 1

Figure 4

**From:** LaFave, John [mailto:John.Lafave@milwaukeecountywi.gov]
**Sent:** Thursday, October 02, 2014 3:52 PM
**To:** Mike Soble
**Cc:** Sarnowski, Teresa
**Subject:** Create an invoice to add to money on account

Mike,

At your convenience, please send an invoice using the detail below.

| Qty. | Description | Ea. |
|------|-------------|-----|
| **Price** | **Total** | |
| 318,350 | SSN Redaction - Removal of SS numbers from old documents     0.09 =     $28,651.50 | |
| 136,300 | Real Estate Documents indexed | 0.79 |
| = | $107,677.00 | |

**Grand Total = $136,328.50**

John La Fave
Register of Deeds
Milwaukee County

**From:** Mike Soble <msobie@ssr-online.com>
**Sent:** Thursday, October 2, 2014 3:58 PM

1

**To:** LaFave, John
**Subject:** RE: Create an invoice to add to money on account

We already are holding about $700K. Without indexing anymore and redacting potentially coming to an end, how are you planning on using the funds up?

No big deal, just asking.

**Mike Sobie**
Director of Business Operations
**Superior Support Resources, Inc.**
*Where Technology Questions Get Business Answers*

18

Mike,

It is an extremely important question that you ask. I indeed have given this some thought.

Redaction and indexing will continue back to documents recorded 8/1/62.

On July 3rd I calculated that to complete the indexing will require $400K more in spending ( at least 450,000 documents).
I also calculate that to complete the redacting will require $186K more in spending (maybe 2.4 million more images).

These amounts are best GUESS-timates.
Some of the amounts listed above have been spent down a bit since 7/3.

Without taxing my brain further, if the above amounts have been reduced to let's say, 375K and 160K for a revised estimate of $535K in future project spending, taking that away from the current 715K held on account, leaves a balance of only 180K.

Adding this 136K (which is the last and FINAL time we do this) gives a grand total of $316K held on account.

I am also calculating that approx. 94K of redaction money will remain with the county. It will go on to a balance sheet and assuming the administration continues to keep their hands off of it, it will be available to ROD to spend as we please in future years.

As for the 300+K held by SSR, some of that might also get spent for the redaction/indexing project if my guesstimates fall short.
Otherwise we could use it for future projects that we come up with that could be billed via SSR. For example, I have some future scanning of books that I plan to do through Fidlar.

If time goes on and the pot is still unspent and ROD and SSR feel we need to spend it up, it could easily be done by paying for our some nnual invoices for Fidlar's iDoc program, etc. from the funds-on-account rather than within our ROD county budget.

Our collection of redaction revenue ends 12/31/14. No more will be collected. The pot is then finite and will not grow.
I think you understand why I will feel better having most of that pot in a secure location.

John La Fave
Register of Deeds
Milwaukee County

19

**SUPERIOR | SUPPORT RESOURCES, Inc.**
Where Technology Questions Get Business Answers
405 N. Calhoun Road, Suite 200, Brookfield, Wisconsin 53005

# Invoice
## Number: 100214

### Date: 10/2/2014

### Bill To
Milwaukee County
Dept of Administrative Services
Fiscal Affairs
Milwaukee Co Courthouse, Room 301
Milwaukee, WI 53233

### Ship To
Milwaukee County - Reg of Deeds
Teresa Samowski
Miilwaukee Co Courthouse, Room 103
901 N. 9th Street
Milwaukee, WI 53223

| Customer PO | Reference | Sales Rep | Terms | Federal Tax ID |
|---|---|---|---|---|
| | | HMC | Net 30 | 39-1864019 |

| Qty | Description | Unit Price | Total Amount |
|---|---|---|---|
| 318,350 | SSN Redaction - Removal of SS numbers from old documents | 0.09 | 28,651.50 |
| 136,300 | Real Estate Documents indexed | 0.79 | 107,677.00 |

| | |
|---|---|
| Item Total | $136,328.50 |
| Sales Tax (5.6%) | $0.00 |
| **Total Amount Due** | **$136,328.50** |

20

| From: | Mike Sobie <msobie@ssr-online.com> |
| Sent: | Thursday, October 02, 2014 4:39 PM |
| To: | LaFave, John |
| Cc: | Sarnowski, Teresa |
| Subject: | SSR Invoice |
| Attachments: | Est_100214_from_Superior_Su.pdf |

| Follow Up Flag: | Flag for follow up |
| Flag Status: | Flagged |

Dear John :

Attached is your invoice. Please review and let me know when you have a PO

We thank you for your business.

Mike Sobie
Director of Business Operations
Superior Support Resources, Inc.
262-784-9772

34.     On December 1, 2014 at 4:07PM, John La Fave, via his Milwaukee County email

account, sent an email to Mike Sobie, and carbon copied Teresa Sarnowski. The email was to let

Mike Sobie know there would be a false invoice coming soon to "spend Up Funds". On

December 2, 2014 at 2:11PM, John La Fave, via his Milwaukee County email account, sent an

email to Mike Sobie, and carbon copied Teresa Sarnowski. The email was a request for a false

invoice for services to be billed to Milwaukee County by SSR. On December 2, 2014, at

2:27PM, Mike Sobie sent an email back to John La Fave and again carbon copied Teresa

Sarnowski. Attached to this email was an invoice in an amount that matched the request. *See*

Figure 5 below.

21

Figure 5

| From: | LaFave, John |
|---|---|
| Sent: | Monday, December 01, 2014 4:07 PM |
| To: | Mike Sobie |
| Cc: | Sarnowski, Teresa |
| Subject: | FYI ~ I'm going to send you a request for one more 'pre-pay' invoice very soon |

Mike,

I'm going to send you a request for one more 'pre-pay' invoice very soon. Then please invoice Milwaukee County right away. This is to spend up funds we have remaining in a dozen accounts. Use it or lose it. Holding it with you all is a nice way to deal with it.

John La Fave
Register of Deeds
Milwaukee County

| From: | LaFave, John |
|---|---|
| Sent: | Tuesday, December 02, 2014 2:11 PM |
| To: | Mike Sobie |
| Cc: | Sarnowski, Teresa |
| Subject: | Create an invoice to add money to "funds held on account" |

Mike,

ASAP, please send an invoice using the detail below.

| Qty. | Description | Ea. Price | Total |
|---|---|---|---|
| 194,193 | SSN Redaction - Removal of SS numbers from old documents | 0.09 = | $17,477.37 |
| 83,143 | Real Estate Documents indexed | 0.79 = | $65,682.97 |

**Grand Total = $83,160.34**

John La Fave
Register of Deeds
Milwaukee County

22

**From:** Mike Sobie <msobie@ssr-online.com>
**Sent:** Tuesday, December 02, 2014 2:27 PM
**To:** LaFave, John;Sarnowski, Teresa
**Subject:** SSR Invoice
**Attachments:** Est_12022014_from_Superior_.pdf

Dear John :

Attached is your invoice.  Please review and let me know if you have any questions.

We thank you for your business.

Mike Sobie
Director of Business Operations
Superior Support Resources, Inc.
262-784-9772

23

SUPERIOR | *SUPPORT RESOURCES, Inc.*
**Where Technology Questions Get Business Answers**
405 N. Calhoun Road, Suite 200, Brookfield, Wisconsin 53005

# Invoice
## Number: 12022014

Date: 12/2/2014

### Bill To

**Milwaukee County**
**Dept of Administrative Services**
**Fiscal Affairs**
**Milwaukee Co Courthouse, Room 301**
**Milwaukee, WI 53233**

### Ship To

Milwaukee County - Reg of Deeds
Teresa Sarnowski
Milwaukee Co Courthouse, Room 103
901 N. 9th Street
Milwaukee, WI 53223

| Customer PO | Reference | Sales Rep HMC | Terms Net 30 | Federal Tax ID 39-1864019 |
|---|---|---|---|---|

| Qty | Description | | Unit Price | Total Amount |
|---|---|---|---|---|
| 194,193 | SSN Redaction - Removal of SS numbers from old documents | | 0.09 | 17,477.37 |
| 83,143 | Real Estate Documents Indexed | | 0.79 | 65,682.97 |

| | |
|---|---|
| Item Total | $83,160.34 |
| Sales Tax (5.6%) | $0.00 |
| **Total Amount Due** | **$83,160.34** |

www.ssr-online.com   P: (262) 784-9772   F: (262) 784-9789

24

Case 2:19-mj-00808-NJ   Filed 02/21/19   Page 29 of 39   Document 1

35.     On January 2, 2015 at 10:37AM Mike Sobie sent an email to John La Fave with a subject of "SSR Invoice #67817" and there was a PDF attached reflecting the redactions and payments received as well as the balance being held by SSR (see figure 6 below) which reflects SSR having a $851,988.21 balance for the ROD to utilize.

Figure 6

| Payments Received | | | | Total Invoiced 2012 | $334,364.36 | |
|---|---|---|---|---|---|---|
| Date | Ck # | Amount | | Total Invoiced 2013 | $529,836.18 | |
| 3/5/2012 | 769513 | 107,100.00 | | Total Invoiced 2014 | $272,932.08 | |
| 3/9/2012 | 769918 | 124,000.00 | | Payments Received | $1,989,120.83 | |
| 5/29/2012 | 777046 | 118,775.89 | | Balance on Account | $851,988.21 | |
| 7/31/2012 | 781875 | 157,761.70 | | | | |
| 11/26/2012 | 791059 | 234,364.18 | | | | |
| 11/27/2012 | 791217 | 218,047.40 | | | | |
| 4/4/2013 | 800867 | 138,453.56 | | | | |
| 7/9/2013 | 808553 | 134,682.22 | | | | |
| 10/4/2013 | 815297 | 271,825.55 | | | | |
| 1/2/2014 | 821847 | 62,131.39 | | | | |
| 5/6/2014 | 831251 | 135,661.60 | | | | |
| 7/25/2014 | 837022 | 66,828.50 | | | | |
| 10/22/2014 | 843519 | 136,328.50 | | | | |
| 12/17/2014 | 847160 | 83,160.34 | | | | |
| Total payments received | $ | 1,989,120.83 | | | | |

36.     The use of the "monies on account" as reflected in figure 6 above continued into 2015 as reflected by an email on January 28, 2015 at 10:56AM from Mike Sobie to John La Fave on his Milwaukee County email account asking about using money on account or actually billing Milwaukee County and with John La Fave's response to said email at 7:00PM, see figure 7 below;

25

Figure 7

From: Mike Sobie <msobie@ssr-online.com>
Sent: Wednesday, January 28, 2015 10:56 AM
To: LaFave, John
Subject: FW: Invoice 2015-110 from Progrio LLC

John, please review and approve. Also let me know how you want this paid (send bill or money on account)

**Mike Sobie**
Director of Business Operations
**Superior Support Resources, Inc.**
*Where Technology Questions Get Business Answers*

405 N. Calhoun Road, Suite 200, Brookfield, WI 53005
P: 262-784-9772 ext. 115 | D: 262-901-1881
email: msobie@ssr-online.com
SSR-online.com


From: LaFave, John [mailto:John.Lafave@milwaukeecountywi.gov]
Sent: Wednesday, January 28, 2015 7:00 PM
To: Mike Sobie
Subject: Re: Invoice 2015-110 from Progrio LLC

APPROVED.
Until I say otherwise, PROGRIO invoices will be paid for from money on account with SSR.
You're welcome to stick a post it note somewhere as a reminder. Or if you forget and want to ask I'll answer.
Maybe after Labor Day, if I think we have some surplus money in our budget I might decide to switch to paying
some from that, but for now it's all from that big pot you're holding.
John La Fave
Register of Deeds
Milwaukee County

37.     On December 8, 2015 at 4:09PM, John La Fave, via his Milwaukee County email

account, sent an email to Mike Sobie, and carbon copied Teresa Sarnowski, the email was a

request for a false invoice for services to be billed to Milwaukee County by SSR. It also

included a line stating that "We need it by tomorrow to pay for it from 2015 budget". Mike

Sobie quickly responded with an invoice that matched the request and a check was subsequently

sent from Milwaukee County to SSR in the amount of the false invoice, see figure 12 below.

26

Figure 12

| | |
|---|---|
| **From:** | LaFave, John |
| **Sent:** | Tuesday, December 08, 2015 4:09 PM |
| **To:** | msobie@ssr-online.com |
| **Cc:** | Sarnowski, Teresa |
| **Subject:** | RE: Request for invoice |
| **Importance:** | High |

Mike,

Please send an invoice for:

**11,400   Real Estate docs indexed    @0.79 each =  $9006.00**

We need it by tomorrow to pay for it from 2015 budget.

Thank you.

John

27

**From:** Mike Sobie <msobie@ssr-online.com>
**Sent:** Tuesday, December 08, 2015 4:12 PM
**To:** LaFave, John;Samowski, Teresa
**Subject:** SSR Invoice
**Attachments:** Est_120815_from_Superior_Su.pdf

Dear John :

Attached is your invoice.  Please review and let me know if you have any questions.

We thank you for your business.

Mike Sobie
Director of Business Operations
Superior Support Resources, Inc.
262-784-9772

28



SUPERIOR *SUPPORT RESOURCES, Inc.*
**Where Technology Questions Get Business Answers**
10651 N. Calhoun Road Suite 201, Brookfield, Wisconsin 53005

# Invoice
## Number: 120815

Date: 12/8/2015

### Bill To

**Milwaukee County**
**Dept of Administrative Services**
**Fiscal Affairs**
**Milwaukee Co Courthouse, Room 301**
**Milwaukee, WI 53233**

### Ship To

Milwaukee County - Reg of Deeds
Teresa Sarnowski
Millwaukee Co Courthouse, Room 103
901 N. 9th Street
Milwaukee, WI 53223

| Customer PO | Reference | Sales Rep HMC | Terms Net 30 | Federal Tax ID 39-1864019 |
|---|---|---|---|---|
| Qty | Description | | Ea Price | Total Amount |
| 11,400 | Real Estate Documents Indexed | | 0.79 | 9,006.00 |

| | |
|---|---|
| Item Total | $9,006.00 |
| Sales Tax (5.6%) | $0.00 |
| **Total Amount Due** | **$9,006.00** |

28

Case 2:19-mj-00808-NJ   Filed 02/21/19   Page 34 of 39   Document 1

**Related Scheme: Fidlar Technologies and La Fave**

38.     At all times relevant to this affidavit, including up to the present, Milwaukee County has contracted with Fidlar Technologies for a variety of products and services, such as Laredo, Tapestry, Monarch, AVID and CrowdForce. Laredo and Tapestry are internet-based programs that allow the public to search and view records filed with the Register of Deeds Office via the internet. Laredo is a monthly subscription service; Tapestry is marketed to infrequent users who are charged a per-search fee. Monarch is a data distribution software which sends licensed office records directly to a customer's system via the internet. Common County Monarch users are title companies. AVID is the Register of Deeds Office's main land records management software which allows the Register of Deeds Office to directly input new land records and other public records into the system. CrowdForce is software program that the Register of Deeds Office had used to redact personal information, such as social security numbers, from publicly searchable records. All of these programs are from Fidlar Technologies.

39.     Depending upon the contract between John La Fave and Fidlar, Milwaukee County pays Fidlar either monthly, quarterly or annually for using Fidlar's products. The records access programs-Tapestry, Laredo and Monarch-are revenue generating. The County gets a portion of the fee charged to the user or subscriber and potentially for each search performed. Either quarterly or monthly, Fidlar should send this revenue to the County to be deposited into the general fund. The revenue generated by these programs is part of the Register of Deeds Office annual budget and helps reduce the needed tax levy.

29

40. In my review of numerous emails between employees of Fidlar, SSR, and the Milwaukee County Register of Deeds office, between 2009 and the present, I observed that John La Fave carried on a similar scheme with Fidlar as the one described above with SSR. John La Fave would direct Fidlar to hold onto the revenue generated through the above programs. These monies would be placed in a "credit balance" that Fidlar would track and then John La Fave could utilize this "credit balance" to pay for other services from Fidlar outside of the Milwaukee County procurement rules. When the "credit balance" was utilized Fidlar would send invoices reflecting the monies being deducted from the credit balance. These invoices would only be sent to John La Fave, not to accounts payable, as no one else at Milwaukee County knew that La Fave was diverting revenue and allowing Fidlar to retain revenue that was to go into the general fund.

41. John La Fave would sign contracts with Fidlar, but requested that they be called "agreements" and that the word "contract" not be used, as that would involve a long process including approval by the County Board, Corporation Counsel and other entities within Milwaukee County. These "agreements" did not go through the normal channels within Milwaukee County and only existed between the Register of Deed's Office and Fidlar.

**Interview of Ellen Arguellez**

42. On September 26, 2018 I conducted an interview of Ellen J. Arguellez. Ms. Arguellez was a Partner Relationship Manager with Fidlar from about July of 2013 to April of 2016.

43. Ms. Arguellez stated that as part of her territory she had the State of Wisconsin and specifically, the Milwaukee County Register of Deeds Office headed by John La Fave.

30

When she was being trained by the previous Partner Relationship Manager, she was told of the scheme by which Fidlar would hold onto revenues from the various software services for which Fidlar contracted with Milwaukee County. This scheme predated her employment and was well entrenched when she took over in 2013. The scheme of withholding payments to Milwaukee County and putting the monies into a "credit" account for John La Fave to utilize as he pleased continued throughout her employment with Fidlar. Milwaukee County was one of the largest contracts that Fidlar had and she had been told in no uncertain terms that what John La Fave wanted, John La Fave got.

44. Ms. Arguellez stated that John La Fave would instruct Fidlar on how much revenue to hold back for his use as a credit. When John La Fave would utilize the accumulated credits, Fidlar would generate an invoice. That invoice was only to go to La Fave. Ms. Arguellez stated that she would oftentimes hand deliver those invoices directly to La Fave. On occasion the invoices had been accidently forwarded to Milwaukee County Accounts Receivable and La Fave would be very upset.

45. Ms. Arguellez stated that John La Fave was very open about what he was doing in terms of holding back the monies from Milwaukee County and spending them on his own projects. He also bragged about his relationship with SSR and that he had a similar arrangement with SSR. In that arrangement, SSR would actually generate fake invoices and bill Milwaukee County utilizing the fake invoices. Ms. Arguellez stated at one point John La Fave stated he had over $900,000 on credit with SSR. This would have been monies generated with the fake invoices. When asked what the largest amount of "credit" John La Fave had with Fidlar, she stated at least $500,000.

31

46.     Ms. Arguellez stated that Mark Schwarting Territory Manager and Scott Moore Vice President of Sales, were fully aware what Fidlar was doing in terms of holding back the funds from Milwaukee County and keeping them in an account for La Fave to utilize in any fashion he wanted to. She further stated that in Wisconsin, of the many counties she dealt with, only one other had a similar understanding with Fidlar in terms of holding on credit the revenues from Tapestry, Laredo and Monarch. She stated the Register of Deeds from this county was at least smart enough to only do their communications through non-county email to avoid open records requests that could expose the arrangement.

47.     Based on the investigation described above, as well as my training and experience and information provided directly to me by federal and state investigators more experienced in white collar fraud investigations – including information from experienced FBI agents who are working directly with me on this investigation, I believe that the items to be seized described in Attachment B with respect to the separate search warrants for SSR and the ROD offices, can now be found and accessed in the business offices of SSR and in the government offices of the ROD as described in paragraph 1 and Attachment A. In drawing this conclusion, I am relying upon my experience and the of other agents, including those of the FBI white collar squad, in executing search warrants at business premises over the past several years. Based on that experience, I know that businesses and government offices, and the personnel who work in those enterprises, maintain within their office spaces documents as records of their activities in both hard copy and electronic format accessible in offices spaces and on computers, smart phones, computer networks, and electronic storage media. I believe that, consistent with the fraudulent nature of the activity described above, the responsible actors

32

at the ROD and SSR have maintained records of their fraudulent activities on spread sheets, private emails, text messages, and other media and formats in locations within their offices that the investigators have not had access to through a review of email traffic, invoices, and payments maintained by Milwaukee County officials.

33